UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-05243-CAS-ASx | Date | July 28, 2025 |
|---|---|---|---|
| Title | Scott Capital Management Fund 1, LLC v. Agoura Hills Financial, Inc. et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Robin Herrera | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Olivier Labarre    David Chute

**Proceedings:** MOTION TO DISMISS (Dkt. 46, filed on June 20, 2025)

## I. INTRODUCTION

On June 21, 2024, plaintiff Scott Capital Management Fund 1 ("plaintiff"), an Arizona limited liability company filed its complaint against defendants Agoura Hills Financial, Inc. ("Agoura"), a California corporation and Bentley Richards ("Richards"), an individual (collectively "defendants"). Dkt. 1 ("Compl."). In its original complaint, plaintiff asserted six claims for relief: (1) recission of contract; (2) fraudulent misrepresentation; (3) fraudulent concealment; (4) negligent misrepresentation; (5) unjust enrichment; and (6) breach of fiduciary duty. Id.

On April 11, 2025, plaintiff filed a motion for leave to file a First Amended Complaint, in order to add a Racketeer Influences and Corrupt Organizations Act ("RICO") claim, the facts of which it argued came to light during discovery. Dkt. 29. On May 12, 2025, the Court granted plaintiff's motion for leave to file its amended complaint. Dkt. 36. On June 5, 2025, plaintiff filed its First Amended Complaint, adding a seventh claim for a violation of RICO. Dkt. 42 ("FAC").

On June 20, 2025, defendants filed a motion to dismiss the FAC. Dkt. 46 ("Mot."). On July 7, 2025, plaintiff filed its opposition. Dkt. 47 ("Opp."). On July 14, 2025, defendants filed their reply. Dkt. 48 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:24-cv-05243-CAS-ASx | Date | July 28, 2025 |
|---|---|---|---|
| Title | Scott Capital Management Fund 1, LLC v. Agoura Hills Financial, Inc. et al | | |

## II.   BACKGROUND

Plaintiff alleges that it has previously purchased multiple loans from defendants, which "built up a level of trust in the [d]efendants," and which defendants then took advantage of in this transaction. FAC ¶ 8. Plaintiff alleges that in or about October 2021, it agreed to purchase a $1 million business purpose loan that defendants brokered and originated (the "Agoura Loan") to 714 Alexandria, LLC (the "borrower"), believing that the purpose of the Agoura Loan was to finance the borrower's improvements to the real property located at 714-720 Alexandria Avenue in Los Angeles (the "property"). Id. ¶ 9. Plaintiff alleges that the Agoura Loan was to be secured by a second position deed of trust recorded against the property. Id. ¶ 10. According to plaintiff, the parties "expressly contemplated" that the second deed of trust would provide plaintiff a valid lien subordinate to a first position deed of trust securing a $4.9 million loan (the "senior loan") in favor of non-party North Star Capital Fund LLC ("NCSF"). Id. ¶ 11.

Plaintiff claims that "to minimize the risk to Plaintiff of any impairment of its security interest in the event that any default and enforcement of the [first deed of trust] occurred, Richards, on behalf of Agoura, specifically represented and promised" that the senior loan's term was the same as the Agoura Loan term, so that both would mature at the same time. Id. ¶ 12. Plaintiff states that this was a "deal point" for it, and that it "would not have purchased the Agoura Loan but for this representation and promise by [d]efendants." Id.

Plaintiff alleges that the senior loan actually had an original maturity date of April 1, 2023, while the Agoura Loan had a maturity date of October 1, 2023, which plaintiff was not aware of, and defendants did not disclose. Id. ¶ 13. Plaintiff states that the senior loan allowed borrower to extend the maturity date by six months, but that borrower was not required to exercise that option. Id. ¶ 14. Had plaintiff known that the senior loan would mature first, it alleges that it would not have purchased the loan. Id. ¶ 15.

Further, plaintiff alleges, defendants failed to disclose that the senior loan contained language specifically prohibiting further encumbrances against the property, and that the act of borrower taking out the Agoura Loan put the senior loan into default and jeopardized plaintiff's interest in the Agoura Loan. Id. ¶ 16. Plaintiff states that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-05243-CAS-ASx | Date | July 28, 2025 |
| Title | Scott Capital Management Fund 1, LLC v. Agoura Hills Financial, Inc. et al | | |

NCSF did not authorize the recordation of the second deed of trust and considers it to be a default of the senior loan. Id. ¶ 20.

Plaintiff claims that Agoura also "actively concealed and/or failed to disclose certain other material facts directly pertinent to the risk [p]laintiff would be assuming by purchasing the Agoura Loan." According to plaintiff, these allegedly undisclosed facts are: (1) that the first deed of trust allowed an increase in the amount secured, which arguably would have priority over the second deed of trust; (2) that borrower intended to combine development of the property secured by the second deed of trust with "another, larger scale project on adjacent real property developed by non-party David Parks [("Parks")]…, thus diluting [p]laintiff's security and increasing its risk of loss"; (3) that the borrower's principal, non-party Jonathan Pae ("Pae"), worked for Parks and (4) that Parks, "who submitted a supplemental letter propping up the appraised value of the Property, had an undisclosed, direct financial interest in the project on the Property at the time he prepared the supplement letter." Id. ¶ 21. Had plaintiff known any of these facts, it claims, it would not have agreed to purchase the loan. Id. ¶ 22. Plaintiff alleges that at the relevant time, defendants knew or had reason to know if the risk factors alleged because Richards' owned and was involved in the business of the borrower and of Agoura, but refused to disclose these facts to plaintiff. Id. ¶ 23.

Plaintiff also claims that defendant knew or had reason to know that disclosing these factors to plaintiff would influence its decision to purchase the Agoura Loan because the facts were material thereto. Id. ¶ 24. Plaintiff states that "[i]n reasonable reliance on the truth and completeness of [d]efendants' representation regarding the dual maturity dates and/or the absence of additional risk factors alleged above, as that information was uniquely within [d]efendants' knowledge and not readily discoverable by [p]laintiff, [p]laintiff paid Agoura an amount in excess of $860,000 to purchase of the Agoura Loan on or about October 7, 2021." Id. ¶ 25. Plaintiff alleges that it learned that this was not the only instance in which Pae, borrower's manager, was accused of recording fraudulent instruments with the County Recorder's Office. Id. ¶ 27. Plaintiff claims that it learned that defendants falsely propped up the appraised value of the property and that they did so on at least one other occasion on another property. Id. ¶ 28.

Plaintiff alleges that defendants, along with Pae, Parks, 810 Wilton Ventures, LLC, and borrower (collectively, the "other participants") "engaged in conspiracy to form and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 2:24-cv-05243-CAS-ASx | Date | July 28, 2025 |
|---|---|---|---|
| Title | Scott Capital Management Fund 1, LLC v. Agoura Hills Financial, Inc. et al | | |

had formed an enterprise in fact that violated the provisions of 18 U.S.C. § 1962(c) and (d)." Plaintiff states that defendants and the other participants "willfully or knowingly engaged in conduct of an enterprise in fact, which was designed for the common purpose of inducing and defrauding innocent investors – such as [p]laintiff – to investing their money in deeds of trust that were of significantly higher risk than the investors were led to believe by [d]efendants that they were supposed to be." Id. ¶ 64. Plaintiff claims that defendants engaged in this conduct with an intent to defraud it and other innocent investors. Id. ¶ 65. Plaintiff alleges that defendants and other participants engaged in a pattern of creating fraudulent limited liability companies and using mail and wire to register them with the California Secretary of State. Id. ¶ 66. Plaintiff alleges that defendants' role in the enterprise was "inflating the value of properties to make the loan appear to be more adequately secured that it really was; concealing negative loan terms that would make investing in the loan less desirable and more risky; among other things, misrepresent[ing] loan terms to make the investment into the loan appear more attractive than if the investor knew the true terms of the loans; soliciting real estate investors, and brokering and issuing loans to borrowers." Id. ¶ 67. Additionally, plaintiff claims, defendants and other participants solicited investors in and out of California to purchase loans to be secured by real estate in California, withholding material information from these innocent investors or misrepresenting material facts to them. Id. ¶¶ 69-70.

### III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-05243-CAS-ASx | Date | July 28, 2025 |
|---|---|---|---|
| Title | Scott Capital Management Fund 1, LLC v. Agoura Hills Financial, Inc. et al | | |

    In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

    Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

    As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              'O'

| Case No. | 2:24-cv-05243-CAS-ASx | Date | July 28, 2025 |
|---|---|---|---|
| Title | Scott Capital Management Fund 1, LLC v. Agoura Hills Financial, Inc. et al | | |

## IV.   DISCUSSION

### A.   RICO Claim

Defendants first argue that plaintiff does not state a RICO claim, plaintiff's seventh claim for relief.  Mot. at 7.  Defendants argue that plaintiff is required to meet Rule 9(b)'s heightened pleading requirements to state a claim, and that "[c]ourts should strive to flush out frivolous RICO allegations at an early stage of the litigation."  Id.  According to defendants, plaintiff fails to allege predicate acts of racketeering, to allege injury to plaintiff's business caused by alleged racketeering activity, and to allege an enterprise, all of which defendants argue are fatal to plaintiff's claim.  Defendants argue that plaintiff also fails to allege the place, timing or specific parties to the alleged misrepresentations, warranting dismissal.  Id. at 8.

Defendants contend that to state a RICO claim, a plaintiff must allege defendants committed two or more RICO predicate acts, which defendants argue plaintiff did not do here.  Id.  Further, defendants argue that plaintiff does not "allege that any specific acts of Agoura Hills Financial and Bentley Richards directly caused Scott Capital specific injuries," and that because plaintiff does not make proximate cause allegations, plaintiff does not state a viable RICO claim.  Id. at 9.  Finally, defendants argue that plaintiff has not alleged an enterprise for the purpose of its RICO claim.  Id. at 9-10.  For these reasons, defendants argue, plaintiff's RICO claim must be dismissed.  Id.

In opposition, plaintiff argues that its RICO claim is adequately pled.  Opp. at 4.  Plaintiff argues that "to state a claim for a civil RICO violation, a private plaintiff must allege facts showing (1) an injury to business or property and (2) a substantive violation of one or more subsections of § 1962," the statute defining prohibited activities.  Id. at 5.  Plaintiff argues that it has sufficiently alleged injury to business or property because it paid $860,000 for the Agoura Loan, believing that the senior loan had the same date of maturity.  Id.  Instead, plaintiff contends, it received "second lien subject to a first lien in the approximate amount of $5.9 Million, with clear prohibitions on further encumbrances, effectively meaning that the first lien in favor of NSCF was immediately in default upon origination of the Agoura … Loan."  Id.

Plaintiff argues that it also alleged predicate acts based on fraudulent misrepresentations and concealment of material facts, resulting in plaintiff sending funds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                    'O'

| Case No. | 2:24-cv-05243-CAS-ASx | Date | July 28, 2025 |
|---|---|---|---|
| Title | Scott Capital Management Fund 1, LLC v. Agoura Hills Financial, Inc. et al | | |

to defendants in exchange for the Agoura Loan. Id. Further, plaintiff contends, it alleged that defendants used both telephonic and electronic communications to solicit investors, including plaintiff, outside of California. Id. at 5-6. According to plaintiff, had it known that the senior loan would mature six months prior to the Agoura Loan, that further encumbrances of the property constituted default pursuant to the terms of the senior loan, or that the senior loan provided for $1 million of advances, resulting in a greater total encumbrance, it would not have purchased the Agoura Loan. Id. at 6. Plaintiff contends these were material misrepresentations. Id. Finally, plaintiff argues, it has alleged a conspiracy among Richards, Pae, and Parks to inflate the appraisal value of the property, making it more attractive to investors such as plaintiff. Id. Plaintiff argues that defendants failed to disclose that "Richards was also an owner in … 714 Alexandria, the borrower under the NSCF Loan and the Agoura … Loan and never disclosed that David Parks also had a vested interest in the project at the Property by virtue of owning adjacent real property that would be developed along with the Property." Id. at 6-7.

In order to state a civil RICO claim, plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996). It is not clear whether plaintiff has a valid RICO claim; however, the Court reserves judgment on the RICO claim at this stage pending plaintiff's submission of a RICO case statement.

Should plaintiff choose to further pursue relief under RICO, plaintiff shall file, within thirty (30) days hereof, a RICO case statement. If plaintiff does not file and serve a RICO case statement within thirty days hereof, plaintiff's RICO claim will be dismissed. If plaintiff files a RICO case statement within thirty days, the Court shall consider the facts alleged therein and make a determination as to whether plaintiff has stated a RICO claim.

The RICO case statement shall include the facts plaintiff is relying upon to initiate this RICO claim as a result of the "reasonable inquiry" required by Rule 11. In particular, this statement shall be in a form which uses the numbers and letters as set forth below, and to the extent possible, shall state in detail and with specificity the following information.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-05243-CAS-ASx | Date | July 28, 2025 |
| Title | Scott Capital Management Fund 1, LLC v. Agoura Hills Financial, Inc. et al | | |

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. § 1962(a), (b), (c), and/or (d).

2. List each defendant and state the alleged misconduct and basis of liability of each.

3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim was allegedly injured.

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

    a. List the alleged predicate acts and the specific statutes which were allegedly violated;

    b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

    c. If the RICO claim is based on the predicate offense of fraud, the "circumstances constituting fraud ... shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

    d. State whether there has been a criminal conviction for violation of the predicate acts;

    e. State whether civil litigation has resulted in a judgment with respect to the predicate acts;

    f. Describe how the predicate acts form a "pattern of racketeering activity"; and

    g. State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:24-cv-05243-CAS-ASx | Date | July 28, 2025 |
|---|---|---|---|
| Title | Scott Capital Management Fund 1, LLC v. Agoura Hills Financial, Inc. et al | | |

6. Describe in detail the alleged enterprise for the RICO claim. A description of the enterprise shall include the following information:

    a. State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

    b. Describe the structure, purpose, function and course of conduct of the enterprise;

    c. State whether any defendants are employees, officers or directors of the alleged enterprise;

    d. State whether any defendants are associated with the alleged enterprise;

    e. State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

    f. If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. To the extent the claim alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

    a. State who is employed by or associated with the enterprise; and

    b. State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

9. If the claim alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

10. Describe the alleged injury to business or property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                   'O'

| Case No. | 2:24-cv-05243-CAS-ASx | Date | July 28, 2025 |
|---|---|---|---|
| Title | Scott Capital Management Fund 1, LLC v. Agoura Hills Financial, Inc. et al | | |

11. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

12. List the damages sustained for which each defendant is allegedly liable.

Accordingly, the Court reserves judgment on defendant's motion to dismiss the RICO claim, pending plaintiff's filing of the RICO case statement within thirty days.

### B. Fraud-Based Claims

Defendants argue that plaintiff's claims which are grounded in fraud fail because plaintiff failed to plead those claims with the required specificity. Mot. at 10. Defendants argue that plaintiff's first, second, third, fourth, and sixth claims for relief, for recission of contract, fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, and breach of fiduciary duty, are all purported fraud claims that are not pled with sufficient specificity to satisfy the Rule 9(b) standard. Id. Defendants argue that the FAC contains no alleged false representation, it does not include the date of any such representation so that the Court can determine whether the claim is time barred, it does not contain any allegations of intent to induce, and it does not contain allegations that plaintiff relied on the alleged misrepresentation and suffered damage as a result. Id. at 11.

Plaintiff argues that its fraud-based claims are adequately pled. Opp. at 7. Plaintiff contends that defendants are wrong to claim that the FAC does not contain specific allegations of false representations, the dates on which they occurred, that defendant induced reliance on those representations, and that plaintiff so relied. Id. According to plaintiff, it pled affirmative misrepresentations and material nondisclosures, including misrepresentation about the terms of the two loans. Id. Plaintiff argues that it also detailed nondisclosures including the true terms of the senior loan and its ban on further encumbrances, as well as its covenant for an additional $1 million advance. Id. Plaintiff argues that defendants also failed to disclose several conflicts of interest, including Richards' ownership interest in 714 Alexandria, the borrower, and the letter from Parks, "propping up the appraisal value of the Property at the time of origination." Id. at 8. Plaintiff argues that it alleges that the misrepresentations occurred "in or around October of 2021 …, but to the extent that this Court finds those allegations deficient, [p]laintiff can and will amend to clarify that all alleged misrepresentations and affirmative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-05243-CAS-ASx | Date | July 28, 2025 |
|---|---|---|---|
| Title | Scott Capital Management Fund 1, LLC v. Agoura Hills Financial, Inc. et al | | |

nondisclosures occurred prior to when [p]laintiff purchased the Agoura …[L]oan in or about October of 2021." Id. The FAC, plaintiff argues, adequately alleges that Agoura and Richards intended to induce plaintiff to purchase the Agoura Loan through misrepresentations and nondisclosures because they knew of the senior loan terms and intentionally did not disclose or misrepresented them. Id. at 8-9. Plaintiff argues that it has sufficiently alleged that but for the misrepresentations and nondisclosures, it would not have purchased the Agoura Loan, and that, it relied on these misrepresentations and nondisclosures in making the purchase. Id. at 9.

The Court agrees that the heightened Rule 9(b) fraud standard applies for plaintiff's first claim for recission, second claim for fraudulent misrepresentation, third claim for fraudulent concealment, and sixth claim for breach of fiduciary duty. The Court finds that plaintiff's fourth claim, for negligent misrepresentation, is properly dismissed regardless of the applicable standard.

As to plaintiff's first, second, third, and sixth claims for relief, for recission, fraudulent misrepresentation, fraudulent concealment, and breach of fiduciary duty, respectively, the Court concludes that the Rule 9(b) standard applies, but that plaintiff has complied with the standard as to its fraud claims. The Ninth Circuit has explained that "the circumstances constituting the alleged fraud must be specific enough to give defendants notice of the particular misconduct … so that they can defend against the charge and not just deny that they have done anything wrong." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citations omitted). Additionally, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." Id. The Court concludes that plaintiff has sufficiently pled these details for its fraud-based claims. Plaintiff has made clear the parties involved, what misrepresentations and nondisclosures were at issue, that these misrepresentations and nondisclosures were made before the agreement was reached in October of 2021, that the agreement was made using telephone and wire, and plaintiff has set out the way in which the alleged fraud was perpetrated. FAC ¶¶ 8-28. The Court finds that this suffices for the purposes of the Rule 9(b) standard and that these claims are not properly dismissed on that ground.

As to plaintiff's negligent misrepresentation claim, the Court finds that it need not address whether the Rule 9(b) standard applies and whether it is satisfied by plaintiff's pleading because plaintiff's negligent misrepresentation claim is barred by the pure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　　'O'

| Case No. | 2:24-cv-05243-CAS-ASx | Date | July 28, 2025 |
|---|---|---|---|
| Title | Scott Capital Management Fund 1, LLC v. Agoura Hills Financial, Inc. et al | | |

economic loss rule. "A breach of contract is tortious only when some independent duty arising from tort law is violated." Erlich v. Menezes, 21 Cal. 4th 543, 554 (1999). Otherwise, the economic loss rule often precludes a party from bringing both contract and tort claims predicated upon the same conduct. The economic loss rule bars tort claims in contract disputes "unless [the party bringing the claim] can demonstrate harm above and beyond a broken contractual promise." Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 988 (2004). Thus, the economic loss rule prevents contract and tort law from "dissolving one into the other" by limiting recovery for breach of a commercial contract to contract damages. Id. Here, plaintiff does not plead "harm above and beyond a broken contractual promise." It seeks the damages that it is owed under the contract, and as a result, the economic loss rule applies.

While the economic loss rule has an exception for fraud claims, it does not have an exception for negligent misrepresentation. Mobile Tech, Inc. v. Hitachi Sols. Am., Ltd., No. 21-cv-00461-CJC-ADSx, 2021 WL 9747619, at *6 (C.D. Cal. Dec. 28, 2021). Even if the alleged negligent misrepresentations were made in the course of forming a contract, as plaintiff alleges here, "courts have routinely held that the economic loss rule bars [such] claims." Veasna Chan Hun v. Hajjar, No. 18-cv-10330 PSG-KSx, 2019 WL 8221087, at *5 (C.D. Cal. Sept. 3, 2019) (quoting Chaffey Joint Union High Sch. Dist. v. FieldTurf USA, Inc., No.16-cv-204-JGB-DTBx, 2016 WL 11499348, at *3 (C.D. Cal. Apr. 28, 2016). Accordingly, the Court finds that plaintiff's claim for negligent misrepresentation is barred by the economic loss rule, as plaintiff seeks only contractual damages, and the fraud exception does not apply. The Court does not reach the parties' arguments on whether plaintiff's allegations in support of this claim satisfy the Rule 9(b) standard.

The Court denies defendants' motion to dismiss plaintiff's first, second, third, and sixth claims for relief. The Court grants defendants' motion to dismiss plaintiff's fourth claim for relief, with leave to amend.

### C. Unjust Enrichment Claim

Defendants argue that unjust enrichment, plaintiff's fifth claim for relief, is not a standalone claim under California law, rather it is a principle underlying other legal doctrines. Mot. at 12. Further, defendants argue, unjust enrichment is unavailable if plaintiff has an adequate remedy at law. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-05243-CAS-ASx | Date | July 28, 2025 |
|---|---|---|---|
| Title | Scott Capital Management Fund 1, LLC v. Agoura Hills Financial, Inc. et al | | |

Plaintiff argues that California law does recognize unjust enrichment claims, and that California courts have allowed unjust enrichment claims to proceed when they are construed as quasi-contract claims seeking restitution. Opp. at 9. Plaintiff argues that if the Court is inclined to grant defendants motion to dismiss, the Court should instead construe plaintiff's claim as a claim for restitution, rather than as an unjust enrichment claim. Id. at 10.

Although unjust enrichment is not an independent claim under California law, the Court agrees with plaintiff that federal courts often construe unjust enrichment claims as equitable claims under a quasi-contract theory. See Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015). The Court finds that plaintiff's unjust enrichment claim is not precluded by the existence of the agreement at issue here. The Court construes plaintiff's unjust enrichment claim as an alternative theory of recovery, which plaintiff is entitled to plead at this stage. See Anderson v. Edward D. Jones & Co., L.P., 990 F.3d 692, 701 (9th Cir. 2021) ("In light of the liberal pleading policy embodied in [Federal Rule of Civil Procedure 8(e)], ... a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case, at least at the initial pleading stage.") (citations and quotations omitted). Accordingly, the Court denies defendants' motion to dismiss plaintiff's unjust enrichment claim.

### D. Breach of Fiduciary Duty Claim

Finally, defendants argue that plaintiff's breach of fiduciary duty claim, its sixth claim for relief, is barred by the economic loss doctrine because "[p]ure economic losses are not recoverable in negligence actions." Mot. at 12. Because the loss plaintiff alleges is purely economic, defendant contends, plaintiff cannot state a breach of fiduciary duty claim. Id. at 13.

Plaintiff further argues that the factual allegations supporting its breach of fiduciary duty claim are "beyond reasonable dispute," and that defendants instead move to dismiss the claim on the basis of the economic loss rule. Id. at 10-11. However, plaintiff argues, the economic loss rule "does not bar claims for breach of fiduciary duty in California to the extent they are based on duties independent of contractual obligations, which are treated as a distinct category of tort." Id. at 11. Plaintiff argues that here, it seeks to hold defendants liable for breaching their fiduciary duties by failing to disclose material facts and making affirmative representations, which plaintiff contends are torts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                          'O'

| Case No. | 2:24-cv-05243-CAS-ASx | Date | July 28, 2025 |
|---|---|---|---|
| Title | Scott Capital Management Fund 1, LLC v. Agoura Hills Financial, Inc. et al | | |

distinct from breach of contractual obligations. Id. Additionally, plaintiff argues that it seeks punitive damages for breach of fiduciary duty, rather than simple contractual damages. Id.

The Court notes that not all legal relationships trigger automatic fiduciary duties, and thus "[a] plaintiff cannot generally 'turn an ordinary breach of contract claim into a breach of fiduciary duty.'" Marshall v. Galvanoni, No. 17-cv-00820-KJM-CKD, 2017 WL 5177764, at *7 (E.D. Cal. Nov. 8, 2017) (quoting Gilman v. Dalby, 176 Cal. App. 4th 606, 614 (2009)). Central to the fiduciary relationship is "the duty of undivided loyalty the fiduciary owes to its beneficiary, imposing on the fiduciary obligations far more stringent than those required of ordinary contractors." Wolf v. Superior Ct., 107 Cal. App. 4th 25, 30 (2003), as modified on denial of reh'g (Mar. 20, 2003).

Here, plaintiff alleges that defendants "were and are mortgage loan brokers and, as such, owe [p]laintiff as their principal in the transaction at issue in this action, a fiduciary duty of the 'highest good faith' and 'is "charged with the duty of fullest disclosure of all material facts concerning the transaction that might affect the principal's decision."'" FAC ¶ 56 (Barry v. Raskov, 232 Cal. App. 3d 447, 455 (1991)). Pursuant to California law, mortgage brokers are the fiduciaries of their borrowers. Wyatt v. Union Mortgage Co., 24 Cal. 3d 773 (1979). Brokers owe this same duty to lender-investors, as well as to the borrower. Barry, 232 Cal. App. 3d at 455 (citing Montoya v. McLeod, 176 Cal. App. 3d 57, 62-63 (1985)). Pursuant to this duty, a mortgage broker is obligated to make a full and accurate disclosure of all terms and to act in good faith toward its principle, "includ[ing] a duty to disclose all material facts which might affect the principal's decision." Lintz v. Bank of Am., N.A., No. 5:13-cv-01757-EJD, 2013 WL 5423873, at *6 (N.D. Cal. Sept. 27, 2013) (citing Wyatt, 24 Cal. 3d 773).

Plaintiff bases its breach of fiduciary duty claim on the same facts as its recission of contract claim. Though plaintiff cannot use a breach of fiduciary duty claim to plead a disguised breach of contract claim to recover punitive damages, the Court concludes that under California law, if defendants were acting as mortgage brokers for plaintiff, they had additional, extra-contractual duties that fall outside the scope of the contractual relationship. Id. Accordingly, taking plaintiff's allegations as true, the breach of fiduciary duty claim is not barred by the pure economic loss doctrine. Defendants' motion to dismiss plaintiff's sixth claim is accordingly denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:24-cv-05243-CAS-ASx | Date | July 28, 2025 |
|---|---|---|---|
| Title | Scott Capital Management Fund 1, LLC v. Agoura Hills Financial, Inc. et al | | |

### V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendants' motion to dismiss plaintiff's first, second, third, fifth, and sixth claims for relief.

The Court **GRANTS** defendants' motion to dismiss plaintiff's fourth claim for relief, with leave to amend. Any amendment shall be filed within thirty days of this order.

The Court **RESERVES JUDGMENT** on the motion to dismiss plaintiff's seventh claim for relief, pending plaintiff's submission of its RICO case statement within thirty days of this order.

IT IS SO ORDERED.

|  | 00 : 06 |
|---|---|
| Initials of Preparer | CMJ |